IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FREDERICK H. BANKS; DON RAOUL HOUGH; JAMES A. THOMAS; and KEITH MAYDAK, <br><br> Plaintiffs, <br><br> v. <br><br> COUNTY OF ALLEGHENY; ALLEGHENY CORRECTIONAL HEALTH SERVICES, INC.; RAMON RUSTIN; CALVIN LIGHTFOOT; FRED ROSEMEYER; BRUCE DIXON; DAN ONORATO ; and DANA PHILLIPS, <br><br> Defendants | Civil Action No. 05-781 <br><br> Judge Gary L. Lancaster/ <br> Magistrate Judge Amy Reynolds Hay |

## MEMORANDUM ORDER

Frederick Banks, Don Raoul Hough, James A. Thomas, and Keith Maydak, (collectively "Plaintiffs"), have filed a civil rights action against employees of the Allegheny County Jail ("ACJ") or corporate entities associated therewith. Plaintiffs, at the time of the events recounted in the complaint were prisoners in the ACJ. Subsequently, they have been dispersed throughout the United States and, one of the "Plaintiffs," namely Keith Maydak is apparently overseas. All of the Plaintiffs are proceeding pro se. Three of the Plaintiffs are still in prison. This dispersal over at least three different prisons throughout the United States has proven to present difficulties both for the Plaintiffs and for the Court and for the smooth functioning of these proceedings as recounted below.

Originally, Plaintiff Banks, Hough and Thomas, filed motions to proceed in forma pauperis ("IFP"). Dkt. Nos. [1] - [3]. Those motions were accompanied by a complaint. That

complaint listed as the only plaintiffs the three Plaintiffs who had filed IFP motions Thereafter, an amended complaint was sent into the Clerk's Office, which the Clerk's office docketed at Dkt. [13], wherein, not only was Plaintiff Maydak added as a Plaintiff but other factual allegations and claims were added as well and another Defendant was added, namely, Dana Phillips.[1] The Court ordered Plaintiff Maydak to pay a portion of the filing fee, or request IFP status. Dkt. [17]. Plaintiff Maydak responded by filing a motion for reconsideration and claiming that no fee is owed by him because Maydak should be treated as an intervenor or a joined Plaintiff. Dkt. [18], at 2, ¶ 8. Plaintiff Maydak also represented that he was not a prisoner and therefore not subject to the Prison Litigation Reform Act. Id., at 2, ¶ 9. The Court vacated the order requiring Plaintiff Maydak to pay a portion of the filing fee or request IFP status, Dkt. [19] and then dismissed Plaintiff Maydak's motion for reconsideration as moot. Dkt. [20]. Thereafter, the three motions for IFP filed by the three original Plaintiffs, namely, Banks, Hough and Thomas were granted. Dkt. Nos. [21], [22] and [23]. The Clerk's office then docketed the complaint, Dkt. [24] that had originally accompanied the IFP applications, i.e., the one that only had the three original Plaintiffs and that did not name Dana Phillips as a party Defendant and that did not include the additional claims raised in the amended complaint.

On April 10, 2006, the Court received a typed notice of change of address from James Thomas, indicating that he had been transferred to FCI McKean, in Bradford, Pa., which the Court suspects was actually typed by another of the Plaintiffs and signed by another of the

---

[1] This is contrary to the representation made in the Plaintiffs' response to the order to show cause, wherein they contend that "[t]echnically, the Amended Complaint was not an amended complaint at all since it did not change any language in the Complaint. Rather it was a mere intervention done by Maydak incorrectly." Dkt. [85] at 2, ¶5.

2

Plaintiffs. Dkt. [33]. On April 21, 2006, the Court received a second notice of change of address from Plaintiff Thomas, which was this time hand-written and indicated that he was transferred to N.E.O.C.C. (i.e., Northeast Ohio Correctional Center), in Youngstown Ohio. The Court then received a change of address from Plaintiff Banks, Dkt. [34], indicating he was at USP Canaan, in Waymart, Pa.. The Court issued an order on September 5, 2006 directing the Plaintiffs to inter alia, provide U.S. Marshals forms for the defendants. Dkt. [42]. The copy of this order sent to Plaintiff Thomas at the N.E.O.C.C. in Youngstown was returned to the Court as undeliverable. The Court sent a rule to show cause why he should not be dismissed as a party plaintiff. Dkt. [43]. This was sent to Plaintiff Thomas at the Youngstown prison as well as to all other Plaintiffs at their addresses. Curiously, the Court received a response, Dkt. [45], purportedly from Plaintiff Thomas, indicating that he had already sent into the Court a change of address at Dkt. [32], and that there must have been some internal Court error. The return address on the envelope containing the response was not from N.E.O.C.C. or even FCI-McKean but from the Cross Street address in East McKeesport used by Plaintiff Maydak. Apparently, the author of the response, Dkt. [45], did not know that Plaintiff Thomas filed a second change of address at Dkt. [34]. Consequently, this Court ordered Plaintiff Thomas to file a proper change of address and sent this order to Plaintiff Thomas at both FCI-McKean and at N.E.O.C.C. In response, a change of address was filed, again purportedly by Plaintiff Thomas, although the return address was from the Cross Street address and that change of address indicated that Plaintiff Thomas was at FCI-McKean.

In the meantime, the Court received a notice of change of address from Plaintiff Banks, indicating that he was transferred to a federal facility at LSCI Butner in Butner, North Carolina.

Dkt. [44]. Additionally, on December 14, 2006, the Court received a notice of change of address from Plaintiff, Dkt. [57], indicating that Plaintiff Hough was now at USP-Terre Haute in Terre Haute, Indiana.

Thereafter, Moving Defendants filed a motion to dismiss, Dkt. [66], and a brief in support. Dkt. [67]. Plaintiff Banks alone, filed a motion for appointment of counsel, Dkt. [68], and a reply in opposition to the motion to dismiss. Dkt. [69]. On February 26, 2007, Plaintiff Banks filed yet another change of address, indicating that he was now at FCC Yazoo City, in Yazoo City, Mississippi. Dkt. [71].

On March 5, 2007, Plaintiff Maydak filed a motion in which he indicated that neither he nor the other two Plaintiffs' filed the response that Plaintiff Banks had filed and that Maydak did not join such response and that Maydak contacted Plaintiffs Hough and Thomas and he learned that they too did not join in Plaintiff Banks' response. Dkt. [72]. In addition, Plaintiff Maydak requested an order directing that he and the other two Plaintiffs be granted 30 days in which to file a response to the motion to dismiss. Id. However, only Plaintiff Maydak signed the response. Being a non lawyer, he was not entitled to make representations or requests on behalf of the other two Plaintiffs. Nevertheless, the Court issued an order granting Maydak, Hough and Thomas until May 9, 2007 in which to file a response. Dkt. [77].

May 9, 2007 having come and gone, and the Court having received no response from Plaintiffs Maydak, Hough or Thomas, the Court then issued an order to show cause why the Court should not decide the motion to dismiss in the absence of their responses. Dkt. [83]. A response, purportedly filed by all of the Plaintiffs, indicated that the reason Plaintiffs Hough, Thomas and Maydak failed to comply with the deadline for filing their response to the motion to

4

dismiss was that the "plaintiffs, who have had an extremely difficult time communicating with each other due to logistics, (Maydak being a non-resident of the United States, Banks being incarcerated in Mississippi, Thomas being incarcerated in Pennsylvania, and Hough being incarcerated in Indiana), have unanimously decided that there are curable defects in the Complaint in this case." Dkt. [85] at 1, ¶ 2. Therein they asked to have a stay of the briefing on the motion to dismiss because they planned on filing a motion for leave to amend with an attached proposed amended complaint and they further represented that they needed the medical records of Plaintiff Banks in order to do so.

In addition, due to the transfers of the three incarcerated Plaintiffs, the last partial payment of the filing fee occurred on July 31, 2006. Dkt. [41]. The Court has received no payment toward the filing fee from Plaintiff Thomas.

The foregoing amply demonstrates the difficulty of proceeding with all of the Plaintiffs in this one suit. Indeed, what the court stated in Robinson v. Purcell, 2007 WL 332987, *2 (E.D.Cal. Jan. 31, 2007) applies equally here:

> In this court's experience, an action brought by multiple inmate plaintiffs proceeding pro se presents procedural problems that cause delay and confusion. Delay often arises from transfer of inmates, changes in address when inmates are released, and difficulties faced by inmates who attempt to communicate with each other in the same institution and with unincarcerated individuals. Accordingly, the court finds that each plaintiff should proceed separately on his or her own claims.

Consequently, this Court will order the severance of the Plaintiffs' cases. Plaintiff Frederick Banks will proceed in this action. Plaintiffs Don Raoul Hough, James A. Thomas and Keith Maydak will proceed in three new civil actions to be opened by the Clerk of the Court

pursuant to this order. Each of the four Plaintiffs will proceed with his own individual action and will be solely responsible for his own case.

The Clerk of the Court will be directed to assign the three new actions to the same district judge and magistrate judge assigned to this action. The Clerk will also be directed to make appropriate adjustment in the assignment of civil cases to compensate for the reassignment.

Each of the four plaintiffs will be given thirty days to file, in his own action, an amended complaint presenting only his individual claims. Plaintiffs Hough, Thomas, and Banks, being prisoners and each having been granted IFP status, must also pay the $350.00 filing fee for his action and Plaintiff Hough will be credited with the amount of money that he has thus far contributed to this action, i.e., $42.50 (See. Dkt. Nos. [28], [30] & [41]). Plaintiff Banks will be credited with the amount of money he has thus far contributed, i.e., $57.00. Plaintiff Maydak, being neither a prisoner nor having been granted IFP status, nor having been properly joined or nor having properly intervened in this case, will be required to either pay the entire filing fee in his case or submit a non-prisoner application for IFP status within thirty days of this order.[2] See, e.g., Robinson, *supra*; Leonard v. Federal Bureau of Prisons, 2007 WL 1703638, *1 (N.D. Tex. June 13, 2007)(describing similar procedural disposition of a multiple prisoner plaintiff suit).

Accordingly, IT IS HEREBY ORDERED that:

---

[2] No motion to join or intervene in any of the cases will be entertained by this Court on the part of any of the Plaintiffs, as such would defeat the very purpose of this order.

1. Plaintiff Frederick Banks shall proceed as the sole plaintiff in this case. The docket of the current case, i.e., No. 05-781 should show that all Plaintiffs have been terminated as of the date of this order except for Plaintiff Banks.

2. The claims of Don Raoul Hough, James A. Thomas and Keith Maydak are severed.

3. The Clerk of the Court is directed to:

    a. Open three separate civil actions for plaintiffs Don Raoul Hough, James A. Thomas, and Keith Maydak;

    b. Assign each of the three new actions to the district judge and the magistrate judge to whom the present case is assigned and make appropriate adjustment in the assignment of civil cases to compensate for such assignment;

    c. File and docket this order in this case and in the three new cases opened for plaintiffs Don Raoul Hough, James A. Thomas and Keith Maydak;

    d. File and docket a copy of the amended complaint (which was filed October 3, 2005 at Dkt. 13 in the present case), in the three new cases opened for plaintiffs Don Raoul Hough, James A. Thomas, and Keith Maydak but the caption of each of those newly opened cases should reflect the fact that only the one appropriate Plaintiff is the actual Plaintiff in that case;

    e. The docket in Plaintiff Frederick Banks' case, i.e., No. 05-781 should reflect a credit of $57.00 toward the filing fee. The docket in Don Raoul Hough's newly opened case should reflect a credit of $42.50 toward the filing fee, which is to say, that Dkt. Nos.

[28], [30] and [41] should be transferred to the docket of the newly opened case for Plaintiff Don Raoul Hough.

4. Each plaintiff is granted thirty days from the date of this order to file an amended complaint in his own case, raising solely the claims personal to him; failure to do so may result in dismissal of the case for failure to prosecute.

5. Each plaintiff's subsequent filings must bear the docket number assigned to the plaintiff's own individual case, and each complaint required to be filed by this order must be labeled "Second Amended Complaint." Failure on the part of Plaintiffs Banks, Hough or Thomas to file a second amended complaint within thirty days of this order will result in the dismissal of the case for failure to prosecute. In the case of Plaintiff Maydak, failure by him to either file an IFP motion or to pay the filing fee within 30 days of this order, or failure by him to file a second amended complaint within 30 days of this order will result in the dismissal of his case.

6. The Clerk of the Court is directed to send to Plaintiff Maydak a non-prisoner Application to Proceed In Forma Pauperis.

7. The Motion to Dismiss filed by defendants Phillips, Allegheny Correctional Health Services, Inc. and Dixon at Dkt. No.[66] is DENIED and the Report and Recommendation, Dkt. [87], filed on September 4, 2007, is adopted as the opinion of the court

_____
Gary L. Lancaster
U.S. District Judge

DATED: 9-28-07

cc:     The Honorable Amy Reynolds Hay
        United States Magistrate Judge

        FREDERICK H. BANKS
        05711-068
        FCC Yazoo City
        Unit 2AU
        PO BOX 5000
        Yazoo City, MS 39194

        DON RAOUL HOUGH
        #07839-068
        Federal Corrections Institution
        P. O. Box 33
        Terre Haute, IN 47808

        JAMES A. THOMAS
        07754-068
        FCI McKean
        PO Box 8000
        Bradford, PA 16701

        KEITH MAYDAK
        613 Cross Street
        East McKeesport, PA 15035

        ALL COUNSEL OF RECORD VIA CM-ECF