IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FREDERICK H. BANKS; | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. 05-781 |
| | ) | |
| COUNTY OF ALLEGHENY; ALLE- | ) | Judge Gary L. Lancaster/ |
| GHENY CORRECTIONAL HEALTH | ) | Magistrate Judge Amy Reynolds Hay |
| SERVICES, INC.; RAMON RUSTIN; | ) | |
| CALVIN LIGHTFOOT; FRED ROSE- | ) | |
| MEYER; BRUCE DIXON;  DAN | ) | |
| ONORATO ; and DANA PHILLIPS, | ) | |
| | ) | |
| | ) | |
| Defendants | ) | Re Dkt. Nos.  [102] & [110] |

## **MEMORANDUM ORDER**

The above-captioned prisoner civil rights action was received by the Clerk of Court on

June 6, 2005, and was referred to United States Magistrate Judge Amy Reynolds Hay for pretrial

proceedings in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rules

72.1.3 and 72.1.4 of the Local Rules for Magistrate Judges.

The Magistrate Judge's most recent Report and Recommendation, Dkt. [122], filed on

June 2, 2008, recommended that the County Defendants' motion to dismiss (Dkt. [110]]) be

granted and that the Medical Defendants' motion to dismiss (Dkt. [102] ) be dismissed as moot

because the Court recommended that the complaint be dismissed as against the Medical

Defendants pursuant to the screening provisions of the PLRA. Service was made on the Plaintiff

at FCC Yazoo City, Unit 2AU,  Yazoo City, MS 39194.  Plaintiff was informed that in

accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule

72.1.4(B) of the Local Rules for Magistrate Judges, he had ten (10) days to file any objections. Plaintiff filed objections. Dkt. [123]. The Court finds that none of the objections are persuasive and only several of them bear any specific mention.

The report recommended dismissal of the complaint against the County Defendants on two grounds: (1) that this suit was frivolous because it was repetitive of another suit Plaintiff had earlier filed in Banks v. Hull, No. 04-1771 (W.D. Pa suit commenced on 11/18/04)(hereinafter referred to as "the Hull case") or, in the alternative, (2) this suit was barred by res judicata or claim preclusion. In the Hull case, Plaintiff Banks filed an IFP request which was accompanied by a proposed civil rights complaint against several defendants, none of whom are named in the case at bar. However, on August 2, 2005, Plaintiff filed an amended complaint in the Hull case at docket number 24, wherein Plaintiff added defendants including the following defendants who are also named in the case at bar: Allegheny County, Ramon Rustin, Calvin Lightfoot, Fred Rosemeyer and Dan Onorato. In that amended complaint in the Hull case, Plaintiff complained of a whole host of problems at the ACJ, which are substantially duplicative of the claims raised in the case at bar.

In his first objection, Plaintiff complains that

> The instant suit was filed before the amended complaint in Banks v. Hull No. 04-1771 (W.D. Pa[.]) . . . . Thus, res judicata cannot apply as a basis for dismissal because the Amended Complaint in Banks v. Hull was possibly dismissed against the County Defendants because the instant suit was already pending. A dismissal on this basis would violate the due process clause because both suits as to the County defendants would have been dismissed for the same reason.

Dkt. [123] at 1. To the extent that Plaintiff argues that the timing of the two suits bars the application of res judicata simply because the suit at bar was filed before the amended complaint

2

in the Hull case, Plaintiff is mistaken as to the law. The rule is:

**For purposes of res judicata, the effective date of a final judgment is the date of its rendition, without regard to the date of commencement of the action in which it is rendered or the action in which it is to be given effect.**

**Comment:**

   *a. General.* In order that a final judgment shall be given res judicata effect in a pending action, it is not required that the judgment shall have been rendered before that action was commenced. Nor is a judgment, otherwise entitled to res judicata effect in a pending action, to be deprived of such effect by the fact that the action in which it was rendered was commenced later than the pending action. It is merely required that rendition of the final judgment shall antedate its application as res judicata in the pending action. Thus when two actions are pending which are based on the same claim, or which involve the same issue, it is the final judgment first rendered in one of the actions which becomes conclusive in the other action (assuming any further prerequisites are met), regardless of which action was first brought.

Restatement (Second) of Judgments § 14 (1982). Accord Matter of Hansler, 988 F.2d 35, 38

(5th Cir. 1993)("Finally, at oral argument, Hansler contended that the Texas judgment did not

preclude the federal suit, because Hansler filed the federal action first. Essentially, Hansler

suggests that the first suit to be filed, rather than the earliest judgment, controls the operation of

res judicata. We find no support for Hansler's position and substantial authority to the contrary.

The first judgment, regardless of when the suits were filed, is given preclusive effect."); Osiris

Enterprises v. Borough of Whitehall, 398 F.Supp.2d 400, 410 (W.D. Pa. 2005)("Finally, as noted

by defendants, for purposes of res judicata, the effective date of a final judgment is the date of its

rendition, without regard to the date of the commencement of the action in which it is rendered or

the action in which it is to be given effect. See Restatement (Second) of Judgments 2d, § 14.

Accordingly, the fact that this [federal] case was filed before Case No. GD 03-12928 [which

State court case came to judgment first and which the Federal Court gave res judicata effect to]

3

has no relevance with respect to the applicability of res judicata."), *aff'd*, 236 Fed.Appx. 760 (3d

Cir. 2007). Accordingly, this objection does not merit rejection of the report.[1]

To the extent that Plaintiff's argument complains that the case at bar and the Hull case

may have been dismissed on the same grounds, Plaintiff is simply wrong factually. The Hull

case was dismissed against the County Defendants on the following grounds:

> The allegations of the complaint never specifically mention actions taken on the
> part of Onorato, Rustin, Lightfoot or Rosemeyer. This alone is sufficient to
> dismiss the complaint against them. *See Potter v. Clark*, 497 F.2d 1206, 1207 (7th
> Cir. 1974)("Where a complaint alleges no specific act or conduct on the part of
> the defendant and the complaint is silent as to the defendant except for his name
> appearing in the caption, the complaint is properly dismissed, even under the
> liberal construction to be given pro se complaints."); *Amaya v. Milwaukee County*,
> NO. 04-C-1114, 2006 WL 335437, *3 (E.D.Wis. Feb. 13, 2006) ("I would dismiss
> defendants who are named in the caption, but are not specifically mentioned in the
> body of the complaint, because plaintiff has failed to give these defendants "fair
> notice" of her claims against them.") (*citing, Mover v. Hultz*, No. 05-3039, 2005
> U.S. Dist. LEXIS 27440, at *6 (C.D. Ill. Nov. 8 2005) (which in turn cited *Collins
> v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998)); *Hernandez v. County of DuPage*,
> NO. 96 C 8030, 1997 WL 598132, *9-10 (N.D.Ill.) (dismissing claims where
> plaintiff named four of the defendants in the caption but failed to specifically
> mention them in the complaint, using only the word "defendants"). Moreover,
> further amendment of the complaint would be futile because it is clear that
> Plaintiff's allegations reveal liability against Defendants Onorato, Rustin,
> Lightfoot and Rosemeyer based merely on *respondeat superior* and hence fail to
> state a claim against them. *See, e.g., Rode v. Dellarciprete*, 845 F.2d 1195, 1207
> (3d Cir. 1988) ("A defendant in a civil rights action must have personal
> involvement in the alleged wrongs; liability cannot be predicated solely on the
> operation of respondeat superior.").

Banks v. Hull, No. 094-CV-1771 (W.D. Pa. Dkt. 174 at 22-23 (R&R) & Dkt. 179 (adopting

R&R). Accordingly, this objection does not merit rejection of the Report.

Plaintiff's next objection is that in another case in another court, i.e., the Bucks County

---

[1] This analysis also disposes of Plaintiff's argument that "[i]f anything, the Banks v. Hull
suit was barred under the third prong of the aforementioned test because it was filed after this
case." Dkt. [123] at 2.

Court of Common Pleas, a decision was rendered that is irreconcilable with the decision herein, i.e., inmates there were awarded money damages for exposure to MRSA, and this violates Plaintiff's equal protection rights. Plaintiff is mistaken. See, e.g., Beck v. Washington, 369 U.S. 541, 554 -55 (1962)( in which the Supreme Court declared that "We have said time and again that the Fourteenth Amendment does not 'assure uniformity of judicial decisions ... [or] immunity from judicial error....'"); Milwaukee Electric Ry. & Light Co. v. State of Wisconsin ex rel. City Of Milwaukee, 252 U.S. 100, 106 (1920)("the Fourteenth Amendment does not, in guaranteeing equal protection of the laws, assure uniformity of judicial decisions (*Backus v. Fort Street Union Depot Co.*, 169 U. S. 557, 569), any more than in guaranteeing due process it assures immunity from judicial error"); Velador-Rivera v. Gonzales, 203 Fed.Appx. 149, 150 (9th Cir. 2006)("In addition, Velador-Rivera's argument that the First and Ninth Circuits' different rules with respect to the streamlining procedure violate equal protection is foreclosed by the long-settled Supreme Court doctrine that equal protection of the law does not guarantee uniformity of judicial decisions."); Valtsakis v. Commissioner, 801 F.2d 622, 624 (2d Cir. 1986) (the existence of divergent results in different circuits does not amount to a violation of equal protection"); United States v. Brown, 74 F.Supp.2d 648, 651 (N.D.W.Va. 1998) ("Both the Fifth and the Fourteenth Amendments address legislative discrimination and not discrimination on the basis of particular opinions issued by the federal judiciary.").

We next consider Plaintiff's objection that because Dana Phillips, the one who allegedly treated Plaintiff with doxyclycline was not a nurse or a doctor, she could not have exercised professional judgment. The Report noted that "when a treating clinician exercises professional judgment, her behavior does not constitute a violation of a prisoner's Eighth Amendment rights.

5

Brown v. Borough of Chambersburg, 903 F.2d 274, 278 (3d Cir. 1990)." Dkt. [122] at 18.

While she may not have been a nurse or doctor, it appears that she had medical training. A

search of the professional licensure website of the Pennsylvania Department of State[2] shows that

Dana M. Phillips, has an active license in the profession of medicine in the discipline of

respiratory care practitioner, in addition to an expired license in nursing home administration.

But such is not necessary to conclude that the report was correct, given that the complaint utterly

fails to allege that Plaintiff's treatment at the hands of Dana Phillips amounted to an objectively

serious deprivation even if the complaint sufficiently alleged the subjective prong of an Eighth

Amendment claim.

We last consider Plaintiff's objection that the Report should not have considered

Plaintiff's treatment with doxycycline as not violating his Eighth Amendment rights because the

CDC's website information cited by the Report speaks in terms of "proposed" alternative

treatments for MRSA and not, in terms of "approved" treatment. Plaintiff's argument ignores the

fact that the CDC website also indicated that "In a small case series, the long-acting tetracyclines,

**doxycycline** and minocycline, **appeared to be adequate for the treatment of MRSA SSTIs**

[i.e., skin and soft tissue infections] . . . ."[3] Nevertheless, Plaintiff's argument misses the mark.

Plaintiff received treatment that was indisputably reasonably aimed at curing his MRSA even if

---

[2] The court takes judicial notice of the website which is available at

http://www.licensepa.state.pa.us/

(Site last visited on 6/25/2008).

[3] http://www.cdc.gov/ncidod/dhqp/pdf/ar/CAMRSA_ExpMtgStrategies.pdf
Id., at p. 8 (emphases added).

6

the treatment was merely proposed and not approved and such simply fails to state a claim of deliberate indifference. He was not denied treatment, he was provided treatment that "appeared to be adequate for the treatment of MRSA SSTIs." Nor does his claim that he informed Dana Phillips that he was allergic to penicillin and she nevertheless treated him with penicillin in the form of doxycycline fare any better. Plaintiff claims that the report erred in relying on the judicially noticed fact that doxycycline is not a form of penicillin but instead a form of tetracycline. We do not find that the Report erred in relying on such information. However, even if doxycycline were a form of penicillin and the clinician knew such and knew that Plaintiff was allergic, it would not be deliberate indifference to treat Plaintiff with a drug to which he was allergic if, in the judgment of the clinician, the benefits of the treatment with the drug outweighed the costs of the potential allergic reaction. See, e.g., Johnson v. Phelan, 69 F.3d 144, 150 (7th Cir. 1995)("An incorrect assessment of recognized costs and benefits is just negligence, which does not violate the fifth amendment . . . and does not violate the eighth amendment either."). At most, Plaintiff's complaint against Dana Phillips amounts to negligence, which is not cognizable as an Eighth Amendment claim.

Any objections not directly addressed have been found meritless and not worthy of mention.

After review of the pleadings and the documents in the case, together with the Report and Recommendation, the following Order is entered:

**AND NOW**, this $\underline{27}$ day of June, 2008;

**IT IS HEREBY ORDERED** that the County Defendants' motion to dismiss (Dkt. [110]) is **GRANTED**. It is further ORDERED that the motion to dismiss filed by

7

the Medical Defendants (Dkt. [102]) is **DISMISSED AS MOOT**, however, all the claims against the Medical Defendants are **DISMISSED** for failure to state a claim pursuant to the PLRA.

        **IT IS FURTHER ORDERED** that the Report and Recommendation, Dkt. [122] filed on June 2, 2008, by Magistrate Judge Hay, is adopted as the opinion of the Court. The Court declines to exercise supplemental jurisdiction over any state law claims. The Clerk is ordered to mark the case closed.

    Lastly, the court certifies pursuant to 28 U.S.C. § 1915(a) that any appeal from this Order would not be taken in good faith.

GARY L. LANCASTER
United States District Judge

cc:    The Honorable Amy Reynolds Hay
       United States Magistrate Judge

       Frederick H. Banks
       05711-068
       FCC Yazoo City
       Unit 2AU
       PO BOX 5000
       Yazoo City, MS 39194

       All Counsel of Record via CM-ECF

8